# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 99-1274 RSWL |
| Plaintiff, | |
| v. | **ORDER RE: Defendant's Second Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [1734]** |
| HECTOR RODRIGUEZ-RAMIREZ, | |
| Defendant. | |

Currently before the Court is Defendant Rodriguez-Ramirez's ("Defendant") Second Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [1734]. Having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

## I. Background

On July 13, 2000, Defendant and 25 other defendants were indicted for multiple counts of drug trafficking and related activity while members of a street gang, Columbia Lil' Cycos Gang ("CLCS") [109].

On February 28, 2002, Defendant pled guilty to five charges including (1) engaging in racketeering activities (18 U.S.C. § 1962(c)); (2) RICO conspiracy (18 U.S.C. § 1962(d)); (3) conspiracy to distribute controlled substances, including more than fifty grams of cocaine base (21 U.S.C. §§ 841, 846(a)(1)); (4) conspiracy to murder in aid of racketeering (18 U.S.C. § 1959(a)(5)); and (5) conspiracy to commit money laundering (18 U.S.C. § 1956(h)) [628]. Defendant was alleged to have been part of a conspiracy to distribute cocaine, cocaine base, and heroin within CLCS territory. Pre-Sentence Report ("PSR") ¶¶ 48-53. The narcotics conspiracy involved more than 5 kilograms of cocaine, more than 1.5 kilograms of crack, and more than one kilogram of heroin. PSR ¶ 53. Defendant was also alleged to have conspired with other defendants to murder fellow gang member, Alberto Pina, by luring Pina to a meeting where he would be executed. PSR ¶ 54.

Based on the PSR recommendation and the sentencing guidelines in place at the time, Defendant's base offense level was 38, but reduced by three points to 35 for accepting responsibility for his actions. PSR at 1. The PSR calculated a criminal history category IV

based upon Defendant's 1989 felony conviction for voluntary manslaughter, 1998 felony conviction for being an illegal alien found in the United States, and his status on supervised release for his 1998 felony. Id. ¶¶ 118-121. Based on the offense level and Defendant's criminal history category, the Court sentenced Defendant to 235 months incarceration, which was the low-end of the 235-293 month sentencing range [1023].

Defendant now moves for the Court to reduce his sentence from 235 months to 210 months (or as low as 168 months at the Court's discretion) pursuant to the Fair Sentencing Act of 2010, 18 U.S.C. § 3582(c)(2) ("FSA"), and the retroactive FSA sentencing guideline amendments 750 and 759.

## II. Legal Standard

Section 3582(c) governs the modification of imprisonment terms. See 18 U.S.C. 3582. Specifically, Section 3582(c)(2) authorizes a court to reduce a sentence based on a change in sentencing guidelines. 18 U.S.C. 3582(c)(2). Such a reduction must be consistent with applicable policy statements by the Sentencing Commission and warranted by the factors set forth in Section 3553(a). Id.

Determining eligibility for a sentence reduction under Section 3582(c)(2) requires a two-step inquiry. See Dillon v. United States, 560 U.S. 817, 826 (2010).

1  First, the court must determine a prisoner's
2  eligibility for a sentence modification and the extent
3  of the reduction authorized. <u>Id.</u> at 827. This is
4  determined by following the Sentencing Commission's
5  instructions in Section 1B1.10 <u>Id.</u> Second, the court
6  should apply the Section 3553(a) factors to determine
7  whether, at its discretion, the circumstances of the
8  case require a reduction. <u>Id.</u> Under Section 3553(a),
9  the court, in evaluating a possible sentence reduction,
10 shall consider: (1) the nature and circumstances of the
11 offense and the history and characteristics of the
12 defendant; (2) the need for the sentence imposed; (3)
13 the kinds of sentences available; (4) the kinds of
14 sentence and the sentencing range established for the
15 applicable category of offense committed by the
16 applicable category of defendant as set forth in the
17 guidelines. <u>Id.</u> The Court should also consider "the
18 need to avoid unwarranted sentence disparities among
19 defendants with similar records who have been found
20 guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

## III. Analysis

The Court finds that Defendant is eligible for a reduction of sentence under 18 U.S.C. § 3582(c). Applying the retroactive amendments to Defendant's conviction results in an offense level of 32. Defendant's Narcotics Conspiracy/Money Laundering offense carries a offense level of 34. USSG §

4

2E1.1(a)(1); USSG § 2S1.1(a)(1); USSG § 2D1.1(c)(1). As Defendant also had a Murder Conspiracy offense, a Multiple Count Adjustment applies to increase the offense level by one level. USSG § 3D1.4. Finally, Defendant's offense level is decreased three levels for acceptance of responsibility. With a criminal history category of IV, the adjusted applicable Guidelines range is 168-210 months.

However, the Court also finds that the additional Section 3553(a) factors weigh against reducing Defendant's sentence.

Regarding the first factor, the nature and circumstances of the offense and the history and characteristics of the defendant, the facts weigh against a sentence reduction. Defendant was involved in a criminal enterprise based around narcotics and violence. PSR ¶¶ 47-49, 54, 69. Defendant was an essential member of this criminal enterprise and was a part of a conspiracy to murder a fellow gang member. Id.

Additionally, Defendant has a history of convictions and was previously deported from the United States on two occasions. PSR ¶¶ 111-116. One of his convictions was for manslaughter; Defendant shot a man four times as the man was trying to flee after fighting with Defendant's brother. Id. While Defendant argues his time during incarceration has changed him and deterred him from committing crime, his purported

newfound respect for the law does not change the nature and circumstances of his crimes, nor does it change Defendant's history of criminal behavior.

The second factor also weighs against a sentence reduction. The crimes of which Defendant was convicted include the sale of large quantities of illegal drugs and furthering a criminal organization's criminal interests through the use of threats and violence. PSR ¶¶ 35-39. Punishment is a means of deterrence; the Court determines it necessary to continue deterring Defendant from engaging in further criminal activity. Protecting the public from further crimes by Defendant is an additional factor weighing against reducing Defendant's sentence. Defendant has a lengthy criminal history and has shown a blatant disregard for the law and the well-being of others. Finally, while Defendant asserts that he will not remain in the United States upon release, his criminal history indicates a pattern of illegally returning to the United States after deportation. As such, the second factor weighs against a sentence reduction.

Both Defendant and the Government agree that imprisonment is appropriate and required. Therefore, the kinds of sentences available factor into this decision.

The fourth factor, the kinds of sentences and the sentencing range established for the offense committed,

1  also weighs against reducing Defendant's sentence.  Per
2  the resentencing guidelines and amendments, Defendant
3  may be eligible for a new sentencing range of 168-210
4  months.  However, the current sentence is warranted
5  given the analysis of the 3553(a) factors.  Defendant
6  was convicted not just of distribution of illegal
7  drugs, but also of money laundering and conspiracy to
8  commit murder.  Given these convictions and Defendant's
9  previous criminal history, there is cause to opt for
10 the current sentence, which is not a substantial
11 departure from the amended guidelines.
12      Finally, maintaining the original sentence would
13 not create unwarranted sentencing disparities.  The
14 235-month imprisonment term received by Defendant is
15 less than the sentences received by his co-defendants
16 who proceeded to trial.  Defendant contends that the
17 Court should not compare his sentences to those of his
18 co-defendants who proceeded to trial, because he
19 accepted responsibility for his crimes through a
20 guilty-plea agreement. Resp. 4.  Defendant instead
21 references a co-defendant, Edward Napoleon Panameno,
22 who, Defendant asserts, has culpability similar to his
23 own, who also pled guilty, and who has received a
24 sentence reduction.  Id.  Defendant thus argues that he
25 is entitled to the same sentence reduction as Defendant
26 Panameno.  Id.
27      The Court does not find this comparison persuasive.

First, each defendant was charged with and convicted of different crimes. Panameno pled guilty to three charges, Am. J. of Eduardo Napoleon Panameno 1, while Defendant pled guilty to five. Additionally, none of the charges to which Panameno pled guilty involved violence or murder. See Am. J. of Eduardo Napoleon Panameno 1. Panameno was charged with and pled guilty to: 1) A RICO conspiracy in violation of 18 U.S.C. 1963(d); 2) conspiracy to distribute narcotics in violation of 21 U.S.C. 841(a)(1); and 3) conspiracy to launder money in violation of 18 U.S.C. 1956(h). Id. Additionally, there is no indication that Panameno has a serious and long criminal history as Defendant does in this case. Thus, for the reasons stated above, there are no sentencing disparities and Defendant's argument on this part of his motion should be rejected.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2).

**IT IS SO ORDERED.**

DATED: September 16, 2014

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge