**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR RODRIGUEZ-RAMIREZ,<br><br>Defendant. | CR 99-01274-RSWL -19<br><br>**ORDER re: NINTH CIRCUIT REMAND re DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** [1777] |

## I. INTRODUCTION

Defendant Hector Rodriguez-Ramirez ("Defendant") is currently serving a 235-month prison sentence for multiple violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO") involving drug trafficking to include racketeering, RICO conspiracy, violent crimes in aid of racketeering ("VICAR"), conspiracy to commit murder, and money laundering in connection with the Columbia Lil' Cycos Gang ("CLCS"). On August 14, 2015, Defendant moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) [1777] ("Motion") from 235 months to 205 months, arguing that

1

Amendment 782 to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1 lowered the base offense level he was sentenced under. See Def.'s Mot. to Reduce Sentence ("Mot."), ECF No. 1777. After this Court denied the Motion, the Ninth Circuit vacated and remanded this Court's Order because the sentencing guidelines were incorrectly calculated. For the reasons set forth below, the Court once again **DENIES** Defendant's Motion [1777].

**II. BACKGROUND**

**A. <u>Factual Background</u>**

On July 13, 2000, a grand jury in the Central District of California returned a twenty-six count First Superseding Indictment ("FSI") charging twenty-six defendants, all members and associates of a subset of a criminal street gang known as the 18th Street Gang, with RICO, RICO conspiracy, VICAR, use of firearms during crimes of violence, narcotics trafficking, and money laundering. See First Superseding Indictment ("FSI"), ECF No. 109. The FSI charged, in part, that the 18th Street Gang, together with the Mexican Mafia, was a racketeering enterprise engaged in narcotics trafficking and money laundering in Los Angeles and engaged in the use of violence and murder to protect and expand its powers. Id.

Defendant was charged in Counts One, Two, Three, Thirteen and Seventeen of the FSI, which alleged the following violations: a substantive RICO violation

pursuant to 18 U.S.C. § 1962(c) (count one); RICO conspiracy in violation of 18 U.S.C. § 1962(d) (count two); conspiracy to distribute narcotics in violation of 21 U.S.C. § 841(a)(1) (count three); VICAR conspiracy to commit murder in violation of 18 U.S.C. § 1959(a) (count thirteen); and conspiracy to launder money in violation of 18 U.S.C. § 1956(h) (count seventeen). Id. On February 28, 2002, Defendant pled guilty, pursuant to a written plea agreement, to all counts against him [628].

On April 15, 2002, Defendant's Pre-Sentence Report ("PSR") was issued. See Presentencing Report ("PSR"), ECF No. 1713. The PSR found Defendant had a total offense level of 35, based on a base offense level of 38 with three points subtracted for acceptance and responsibility. Id. The PSR calculated a total of eight criminal history points and a criminal history category of IV based on Defendant's 1989 felony conviction for voluntary manslaughter (3 points), his 1998 felony conviction for being an illegal alien found in the United States (2 points), and his status on supervised release for his 1998 felony (3 points). Id. With an offense level of 35, combined with a criminal history category of IV, the PSR calculated a sentencing range of 235-293 months in custody. Id.

On May 16, 2003, this Court sentenced Defendant to 235 months' imprisonment, to be followed by a five-year period of supervised release [1023]. Defendant's

sentence was upheld on appeal [1471].

**B. <u>Procedural Background</u>**

On June 10, 2013, Defendant moved for a reduction of his sentence under 18 U.S.C. § 3582(c) [1713]. The Court denied Defendant's motion. <u>See</u> Order re: Def.'s Mot. to Reduce Sentence, ECF No. 1721. Defendant filed his second successive motion on June 16, 2014, re-alleging the same grounds and additionally arguing remorsefulness and a change in his personal priorities [1734]. On September 16, 2014, the Court denied Defendant's second motion. <u>See</u> Second Order re: Def.'s Mot. to Reduce Sentence, ECF No. 1762. Defendant filed his third successive motion on August 14, 2015, alleging Amendment 782 to the Sentencing Guidelines called for a reduction in his sentencing range [1777]. On April 4, 2016, the Court denied Defendant's third motion. <u>See</u> Third Order re: Def.'s Mot. to Reduce Sentence, ECF No. 1798.

On May 8, 2017, the Ninth Circuit granted Defendant's unopposed motion for summary vacatur and remand because Defendant's post-Amendment 782 guideline range was incorrectly calculated [1820]. This Court's April 4, 2016 order was vacated and the matter was remanded to this Court for further proceedings.

**III. DISCUSSION**

**A. <u>Legal Standard</u>**

On November 1, 2014, the Sentencing Commission amended its Sentencing Guidelines with Amendment 782,

4

which reduced the base offense levels for cocaine, cocaine base, and heroin offenses under U.S.S.G. § 2D1.1 by two levels. Amendment 782 was added to the list of amendments to be applied retroactively under U.S.S.G. § 1B1.10(c).

18 U.S.C. § 3582(c)(2) states, in relevant part, that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

The applicable policy statement for authorized sentence reductions under § 3582(c)(2) is under U.S.S.G. § 1B1.10(a), which reads, in relevant part:

> (2) Exclusions. -- A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)

if --

    (B) an amendment . . . does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a).

Therefore, Amendment 782 must reduce Defendant's applicable guideline range in order for a § 3582(c)(2) sentence reduction to be authorized under § 1B1.10(a)(2)(B). Additionally, as stated above, sentence reductions under § 3582(c)(2) are to be made after consideration of 18 U.S.C. § 3553(a), which provides factors to consider when imposing a sentence.[1]

---

[1] Section 3553(a) reads, in part, as follows:
"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed --
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established for --
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [. . .] (i) issued by the

**B. Analysis**

Based on the Ninth Circuit's opinion, and the parties' positions, the Court finds that Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c). Defendant's corrected sentencing guidelines range is 151-188 months. However, the Court finds that its previous analysis of the Section 3553(a) factors still apply and the factors weigh against reducing Defendant's sentence.

    1. Defendant's Corrected Amended Sentencing Guidelines Range

The Court finds that Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c). Defendant's Narcotics Conspiracy/Money Laundering offense now carries an offense level of 32 after Amendment 782 is applied. USSG § 2E1.1(a)(1); USSG § 2S1.1(a)(4)(2014); USSG § 2D1.1(c)(a). With a +2 adjustment for multiple counts, USSG § 3D1.4, and a -3 adjustment for acceptance of responsibility, USSG § 3E1.1, Defendant's new offense level is 31. With a criminal history category of IV, Defendant's amended sentencing guidelines range is 151-188 months.

    2. 18 U.S.C. § 3553(a) Sentencing Factors

While Defendant is entitled to a reduction in his sentencing guidelines range based on Amendment 782, the Court once again finds that his sentence should not be

---

Sentencing Commission [. . .]."

reduced pursuant to 18 U.S.C. § 3582(c) because none of the factors listed in 18 U.S.C. § 3553(a) support such a basis to reduce Defendant's sentence.

In his position papers, Defendant offers no new reasons as to why his sentence should be reduced from the bases laid out in his Motion to Reduce Sentence and Reply filed August 14, 2015 and February 19, 2016 [1777, 1792]. Similar to Defendant's Reply, his position papers after the Ninth Circuit's remand state his sentence should be reduced because: (1) he played a minor role in the underlying offenses; (2) his co-defendants who committed nearly identical or worse crimes received lower sentences; and (3) he has rehabilitated himself while incarcerated. See Def.'s Position Papers ("Def.'s Pos.") 2:10-28, ECF No. 1828.

Consequently, the Court incorporates its previous Order denying Defendant's Motion to Reduce Sentence and again **DENIES** Defendant's Motion for the same reasons.

Regarding the first Section 3553(a) factor, in considering the nature and circumstances of the offense and the history and characteristics of Defendant, this Court has noted in prior orders denying Defendant's previous motions to reduce his sentence [1721, 1762], and finds consistently as to the present Motion, that the facts weigh against granting sentence reduction. Defendant was an integral member of a violent criminal enterprise engaged in acts of violence, including murder and attempted murder, narcotics trafficking, and

money laundering. PSR ¶¶ 47-49, 54, 69, ECF No. 1713. Defendant was an essential member of this criminal enterprise and was a part of a conspiracy to murder a fellow gang member. Id. Additionally, Defendant has a history of felony convictions, including voluntary manslaughter in which he shot a man four times during an altercation. Id.

In his Motion, Defendant generally argues that his offenses were committed over fourteen years ago, "and this is a mitigating factor derived from the fact that the signature qualities of youth are transient." Mot. 4. In his Reply and Position Papers, Defendant further contends that he was a "low-level" player in the CLCS and "once having become a member, [Defendant] had little choice in what offenses he would commit." Def.'s Reply 3:23-27, ECF No. 1792; Def.'s Pos. 2:10-14. This Court finds these factors are not persuasive and do not change the nature and circumstances of Defendant's crimes, nor do they change Defendant's history of criminal behavior.

Regarding the second factor, the need for the sentence imposed, the Court finds this factor also weighs against a sentence reduction. Punishment is a means for deterrence. Defendant argues: "[t]his Court's original sentence has achieved this goal, in that it has successfully deterred [Defendant] from committing future crimes, and a reduction in his sentence to 200 months will continue to achieve this

goal." Mot. 5. Defendant further argues that, as to the consideration of deterrence, "[t]here is nothing in the record, nor can the government produce any evidence that [Defendant] contemplates partaking in any criminal conduct upon completion of his sentence." Id. This argument is not persuasive. Defendant has a lengthy criminal history and has shown a blatant disregard for the law and the lives of others. Moreover, while Defendant argues he has demonstrated significant rehabilitation while in prison, he readily admits he has had several infractions while incarcerated. Def.'s Pos. 2:22-24, 8:17-18.

The fourth factor, the kinds of sentences and the sentencing range established for the offense committed, also weighs against reducing Defendant's sentence. As discussed above, Defendant is eligible for a new sentencing range of 151-188 months. However, his original sentence is warranted given this Court's analysis of the Section 3553(a) factors. Defendant has a notable criminal history and, as to the present matter was convicted on multiple counts, including narcotics trafficking, money laundering, and conspiracy to commit murder. Given the nature and circumstances of these convictions, including Defendant's role in conspiring to lure a fellow gang member to his death, there is cause to apply the current sentence. The current sentence is not a substantial departure from the amended guidelines.

Finally, the Court finds that maintaining the original sentence would not create unwarranted sentencing disparities. Defendant argues "several of [his] codefendants received lighter sentences for identical conduct or equally harsh sentences for far more severe conduct." Id. at 6:19-21. In so arguing, Defendant seeks to re-litigate this Court's prior holding and sentencing in this matter. For all the reasons discussed above, this Court finds there is no cause to grant Defendant's Motion.

## IV. CONCLUSION

While Defendant's sentencing guidelines range is reduced to 151-188 months, the Section 3553(a) factors weigh against reducing Defendant's sentence. Therefore, Defendant's Motion to Reduce his Sentence is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 11, 2017      **s/ RONALD S.W. LEW**

                                          **HONORABLE RONALD S.W. LEW**
                                          Senior U.S. District Judge